**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BEN ROOD,<br><br>        Plaintiff,<br><br>    v.<br><br>R&R EXPRESS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)  2:17-cv-1223-NR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

**J. Nicholas Ranjan, United States District Judge**

Plaintiff Ben Rood is a former employee of Defendant R&R Express, Inc. Mr. Rood filed a "collective/class action complaint" alleging, among other things, that R& R Express failed to pay him and others similarly situated overtime in violation of the Fair Labor Standards Act (the "FLSA").[1] Mr. Rood has moved for conditional certification of an FLSA collective and asks the Court to facilitate providing notice to potential members of this collective. For the reasons stated below, the Court **GRANTS** Mr. Rood's motion for conditional certification but **DENIES** his requests related to notice without prejudice.

## I.     BACKGROUND

R&R Express provides transportation and logistics services. [ECF 60, at 3]. R&R Express employed Mr. Rood as a Logistics Coordinator from May 31, 2016 until September 12, 2017. [ECF 1, at ¶¶ 9, 13]. As a Logistics Coordinator, Mr. Rood was "responsible for arranging logistics support (freight brokerage) for industries throughout the contiguous United States." [*Id.* at ¶ 31]; *accord* [ECF 60, at 4]. That required "identifying past customers, or potential customers, with shipping needs and persuading [those] customers to allow [R&R Express] to make arrangements for the movement of the customer's goods." [ECF 1, at ¶ 32]. Multiple witnesses testified that Logistics Coordinators work whatever hours are required to succeed. [ECF 61, at 3-4]. According to Mr. Rood, that means that he, and other Logistics Coordinators, necessarily worked overtime. [*Id.*].

Mr. Rood alleges that these "Logistics Coordinators were all subject to the same policy resulting in the systematic, blanket denial of overtime pay to employees…who regularly worked more than 40 hours in workweeks during the class period who performed non-exempt duties and

---

[1]     In total, Mr. Rood's Complaint sets forth four counts: Count I for violating the FLSA; Count II for violating the Pennsylvania Minimum Wage Act; Count III for breach of contract; and Count IV for violating the Pennsylvania Wage Payment and Collection Law. [ECF 1].

would otherwise have been entitled to overtime pay during the relevant time period." [ECF 56, at 7].

Mr. Rood seeks to recover unpaid overtime on behalf of the "Logistics Coordinators employed by [R&R Express] over the past three years." [ECF 1, at ¶ 99]. Mr. Rood's proposed collective includes an estimated 18 potential members. [ECF 61, at 4].

Mr. Rood now moves this Court to conditionally certify a collective action. [ECF 55]. Additionally, Mr. Rood asks the Court to approve his proposed Notice of Conditionally Certified Collective Action Lawsuit [ECF 55-1]; approve his proposed Opt-in Consent Form [ECF 55-2]; and order R&R Express to produce the contact information for each of its current and former employees in the proposed notice group. [ECF 56, at 13-15].

## II.   LEGAL STANDARD

Section 7 of the FLSA requires employers to pay overtime to certain employees who work more than 40 hours in a work week. 29 U.S.C. § 207(a). Under the FLSA, a plaintiff may bring a collective action behalf of themselves "and other employees similarly situated" to recover unpaid overtime compensation. 28 U.S.C. § 216(b).

Courts in the Third Circuit "follow a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013).

At the first step, "the court makes a preliminary determination as to whether the named plaintiffs have made a modest factual showing that the employees identified in their complaint are similarly situated." *Id.* A plaintiff's burden at the first step is light and can be met by "produc[ing] some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 195 (3d Cir. 2011), *rev'd on other grounds sub nom., Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013). If this burden is satisfied, "the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Camesi*, 729 F.3d at 243. This "conditional certification" is not really a certification at all—instead, "[i]t is actually the district court's exercise of its discretionary power…to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under the FLSA." *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (internal citations, marks, and alterations omitted).

At the second step, "with the benefit of discovery," the court "makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Camesi*, 729 F.3d at 243. The second step can be "triggered" by "the plaintiff's motion for 'final certification,' by the defendants' motion for 'decertification,' or, commonly, by both." *Id.* Determining whether class members are similarly situated during this stage "generally requires the consideration of three factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant; and (3) fairness and procedural considerations." *Kuznyetsov v. W. Penn Allegheny*

*Health Sys., Inc.*, No. 10-948, 2011 WL 6372852, at *2 (W.D. Pa. Dec. 20, 2011) (citations omitted).

Put simply, the first stage looks at "whether 'similarly situated' plaintiffs do in fact exist, while at the second stage, the District Court determines whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Zavala*, 691 F.3d at 536 n.4.

"Courts typically rely on the pleadings and affidavits of the parties to determine the suitability of conditional certification." *Waltz v. Aveda Transp. & Energy Servs., Inc.*, No. 16-469, 2016 WL 7440267, at *2 (M.D. Pa. Dec. 27, 2016) (citation omitted). Given the "modest burden" at the first stage of the proceedings, "motions for conditional certification are generally successful." *Id.*; *see also Bowser v. Empyrean Servs., LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018) (the first step's "fairly lenient standard typically results in a grant of conditional certification").

### III.   DISCUSSION AND ANALYSIS

**A.   Conditional Certification Is Proper.**

The Court finds that Mr. Rood has made the "modest factual showing" that he and the putative notice recipients are similarly situated for step one of the certification analysis.

Mr. Rood has offered testimony from several witnesses that the Logistics Coordinators have identical job titles, identical job descriptions, materially similar (if not identical) job duties, worked from the same location, were subject to the same managerial oversight, and were compensated according to the same compensation structure. *See* [ECF 56, at 4-5]. Specifically, the Logistics Coordinators:

- All performed the same basic function of providing freight brokerage services to various industries throughout the United States [*id.*];

- All worked out of R&R Express's offices in the Carnegie, Pennsylvania area [*id.*];

- All reported to the same organizational management [*id.*]; and

- All were paid hourly upon commencement of employment, and then a straight commission following completion of a training period [*id.* at 5].

All of the Logistics Coordinators are also alleged to have worked more than 40 hours in at least one work week since September 2014 [ECF 1, at ¶ 90]. That allegation is corroborated by the testimony from at least four witnesses. *See* [ECF 56, at 5].

Additionally, it is undisputed that R& R Express considered all of the Logistics Coordinators exempt from overtime. [*Id.* at 5]. For example, R&R Express's corporate representative testified as follows:

> **Q:** Did you believe—I assume, from all that I've seen so far, did you assume that your logistics coordinators were exempt?
>
> **A:** Yes.

[ECF 56-1, at 67:23-68:1]. As a result, Mr. Rood has met his burden of showing that the collective he seeks to represent "were together the victims of a single decision, policy or plan." *Zavala*, 691 F.3d at 535.

R&R Express contests conditional certification on two grounds. First, R&R Express argues that the Logistics Coordinators fall under the administrative exemption to the FLSA's overtime pay requirement. [ECF 60, at 8-18]. Second, R&R Express argues that conditional certification should be denied because "many fact-specific mini-trials … would be necessary to establish the claims of individual Logistics Coordinators and R&R's defenses to them." [*Id.* at 18].

Both arguments "obscure the scope of the instant inquiry" by asking the Court to prematurely "engage in a merits-based analysis." *Waltz v. Aveda Transp. & Energy Servs. Inc.*, No. 16-469, 2016 WL 7440267, at *3 (M.D. Pa. Dec. 27, 2016).

"The Court recognizes that the question of whether an employer has properly classified a position as exempt from the FLSA overtime pay requirements compels a court to perform 'an individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria' to determine whether all employees in that position uniformly carried out similar duties and responsibilities." *Ivanovs v. Bayada Home Health Care, Inc.*, No. 17-1742, 2018 WL 4583510, at *4 (D.N.J. Sept. 25, 2018) (citation omitted). However, the court performs that analysis "at the 'decertification' stage, and not the initial 'conditional certification' stage." *Id.* At that later point, "Defendant can challenge plaintiff's and any opt-in plaintiff's claims that it violated the FLSA in one fell swoop after the scope of the collective of plaintiffs is established." *Joes v. SCO, Silver Care Operations LLC*, No.13-7910, 2015 WL 5567355, at *5 (D.N.J. 2015) (citation omitted).

Any other individualized issues related to whether "the putative class members were 'similarly situated'" likewise cannot be resolved at this stage of the certification process. *See, e.g.*, *Hodzic v. Fedex Package Sys., Inc.*, No. 15-956, 2016 WL 6248078, at *7 (W.D. Pa. Oct. 26, 2016) ("It is this Court's opinion that FedEx's arguments opposing conditional certification generally raise merits- based defenses that are best resolved at step-two, including FedEx's position that …the alleged individualized issues regarding potential class members that may disqualify them as prospective members of the class."); *Dunkiel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 201 (W.D. Pa. 2014) ("[I]t would be inappropriate to deny conditional 'certification' now" because overtime determinations will require individualized assessments); *Burkhart-Deal v. Citifinancial, Inc.*, No. 07-1747, 2010 WL 457127, at *3 (W.D. Pa. Feb. 4, 2010) ("[D]efendant's claim or defense that individualized circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process.").

R&R Express, however, is free to raise these arguments at later stages of the case, particularly when Mr. Rood "would face a more onerous standard." *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-106, 2013 WL 5936418, at *6 (W.D. Pa. Nov. 5, 2013). At this point, the Court cannot "reach the merits of [Mr. Rood's] FLSA claims or make conclusive findings." *Id.*

### B. Mr. Rood's Proposed Order and Notice.

This Court has the authority to facilitate notice to putative opt-in plaintiffs. *See Karlo v. Pittsburgh Glass Works, LLC*, 880 F. Supp. 2d 629, 648 (W.D. Pa. 2012) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). Mr. Rood has asked the Court to endorse his proposed "Notice of Collective Action Lawsuit" and "instruct [R&R Express] to produce the contact information for each of its current and former employees in the Proposed FLSA Notice Group." [ECF 56, at 13-14]. R&R Express did not respond to either of Mr. Rood's requests about Notice, instead focusing its briefing on its merits-based defenses to conditional certification.

"District courts may properly oversee [the notice] process in a management role." *Hively*, 2013 WL 5936418, at *7. But, at the same time, "this Court must remain scrupulously neutral as to the parties and the merits." *Id.* Accordingly, disputes about the form and content of any notice are best resolved by the parties.

The Court will afford the parties 20 days to meet and confer about "the form of notice, the method of dissemination of that notice, and the database of employees to which the notice will be distributed." *Ivanovs*, 2018 WL 4583510, at *5 n.2 (collecting cases). If the parties cannot agree, Mr. Rood is free to file a motion to resolve any disputes over the form of notice.

### IV. CONCLUSION

For all the reasons discussed above, Mr. Rood's Motion to Conditionally Certify an FLSA Collective and To Facilitate Notice [ECF 55] will be **GRANTED IN PART** and **DENIED IN PART** without prejudice. An appropriate Order follows.

DATED this 23rd day of October, 2019.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge