IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BEN ROOD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:17-cv-1223-NR |
| | ) | |
| v. | ) | |
| | ) | |
| R&R EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

In this wage-and-hour action, Plaintiff Ben Rood alleges that Defendant R&R Express, Inc., failed to pay overtime wages to him and other similarly situated employees in violation of the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act. Mr. Rood worked for R&R Express as a Sales Representative, a position that is also internally known at R&R Express as a "Logistics Coordinator." The overarching role of Logistics Coordinators is to sell R&R Express's services, which include trucking, brokerage, and supply-chain services. Mr. Rood contends that R&R Express used company-wide policies to compensate its Logistics Coordinators, and that no matter if a Logistics Coordinator was being paid hourly, weekly, or straight commissions, R&R Express did not pay them overtime for hours worked over 40 in a single workweek for the period between September 18, 2014, through December 31, 2017. As a result, Mr. Rood filed this action.

The Court previously granted conditional certification of a collective action under the FLSA. ECF 68. After receiving notice of this action, two more Logistics Coordinators, Jonathan Zehe and David Miller, opted into the collective. ECF 80; ECF 81. Mr. Rood now moves for class certification under Federal Rule of Civil Procedure 23 and final certification under the FLSA. ECF 110. For the reasons discussed below, the Court will grant the motion in both respects.

I. **The Court certifies the proposed class under Rule 23.**

Mr. Rood seeks to certify the following class:

> All individuals who at any time during the period between September 19, 2014 (*i.e.*, 3 years before the filing of the original complaint in this action) and December 31, 2107, worked as a Sales Representative (a.k.a. Logistics Coordinator) for Defendant R&R Express, Inc.

ECF 110-1.

A party seeking class certification under Rule 23(b)(3), like Mr. Rood, must establish, by a preponderance of the evidence, each of the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy), as well as the requirements of Rule 23(b)(3) (predominance and superiority). *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309, n. 6, 320 (3d Cir. 2008). "Class certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met." *Id.* (cleaned up). For that reason, "[a] class certification decision requires a thorough examination of the factual and legal allegations." *Id.* (cleaned up).

Of the six requirements, R&R Express only contests numerosity. After careful consideration and the appropriate rigorous analysis, the Court finds that all the requirements for class certification have been met.[1]

---

[1] Mr. Rood moves to strike R&R Express's opposition brief because R&R Express filed it "two days after it was due." ECF 117, p. 1. Mr. Rood correctly points out that the Court had earlier emphasized in several orders that its deadlines were firm, and even denied the parties' joint motion to extend the briefing schedule. *Id.* at pp. 1-2. Counsel for R&R Express explained that he "misidentified the due date." ECF 122, p. 2. That obviously is not a viable excuse. Deadlines exist for a reason; particularly so here, as the Court has made clear that given the age of this case and the prior delays, no extensions of the briefing schedule would be authorized. That said, striking R&R Express's brief would have no material impact on the Court's decision because (i) the Court has an independent duty to examine the relevant Rule 23 requirements in deciding whether to certify Mr. Rood's proposed class, and (ii) even considering R&R Express's arguments, the Court finds that those requirements for certification have been satisfied. *See Am. Sales Co., Inc. v. Smithkline Beecham*

### A. Rule 23(a)(1)'s "numerosity" requirement is satisfied.

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, during the proposed class period, at least 23 people worked for R&R Express as Logistics Coordinators. ECF 112-16; ECF 112-17; ECF 112-18. That number is too small to be "presumptively" numerous. *See Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001) (noting that while "no minimum number of plaintiffs is required to maintain a suit as a class action," generally speaking, "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of FRCP 23(a) has been met"). Thus, the Court must make a rigorous inquiry into the "impracticability" of joinder. *See Hargrove v. Sleepy's LLC*, 974 F.3d 467, 469 n.1 (3d Cir. 2020).

In determining whether joinder would be impracticable, the Court considers (i) judicial economy, (ii) the claimants' ability and motivation to litigate as joint plaintiffs, (iii) the financial resources of class members, (iv) the geographic dispersion of class members, (v) the ability to identify future claimants, and (vi) whether the claims are for injunctive relief or for damages. *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249 (3d Cir. 2016). Although each of these factors is relevant to the analysis, the Third Circuit has instructed that "both judicial economy and the ability to litigate as joined parties [to be] of primary importance." *Id.* at 253. Weighing these factors, the Court finds that the numerosity requirement is satisfied here.

Certifying the proposed class will serve judicial economy. This factor "looks to the administrative burden that multiple or aggregate claims place upon the courts," and includes "any efficiency considerations regarding the joinder of all interested

---

*Corp.*, No. 08-3149, 2010 WL 11474401, at *2 (E.D. Pa. Nov. 30, 2010) ("The Supreme Court and the Third Circuit has made clear that a court has an independent duty to engage in 'rigorous analysis' to determine whether a proposed class meets the requirements of Rule 23." (cleaned up)).

parties that the district court deems relevant, including the number of parties and the nature of the action" and "docket control." *Id.* at 254, 257.

R&R Express argues that "class treatment would not render any greater efficiency than joinder, which defeats Mr. Rood's certification request." ECF 116, p. 7. The Court does not agree. Individual actions of 23 "highly similar claims, which turn largely on [] common proof," would, as the Court will explain further in discussing commonality and predominance below, "present considerable inefficiency." *Carr v. Flowers Foods, Inc.*, No. 15-6391, 2019 WL 2027299, at *9 (E.D. Pa. May 7, 2019). "There would also be significant docket congestion from individual joinder of class members, with each needing to find and enter representation." *Id.* Individuals' separate counsel will have to file separate pleadings, and likely will want to file separate motions, responses, and discovery requests. Individuals' separate counsel will also have to familiarize themselves with the discovery that Mr. Rood's counsel has already reviewed and is, no doubt, familiar with. All that added activity costs the Court time and the parties money. Additionally, R&R Express's President stated that the company intends to draw out the proceedings for any claimant who tries to join the action by "subpoena[ing] their phone records, review[ing] every email they ever sent and so on." ECF 112-23, RRE00986. Such aggressive discovery tactics would no doubt delay the resolution of the claims in this case as compared to class treatment.

Those comments also serve as a warning to any claimant considering joining the action about the potential consequences of that decision, which leads directly to the other most important factor for the Court to consider—the claimants' ability and motivation to litigate as joint plaintiffs. "Joinder is increasingly impracticable and a finding of numerosity is supported where, as here, the potential class members …may fear retaliation by their employer." *Spencer v. No Parking Today, Inc.*, No. 12-6323, 2013 WL 1040052, at *13 (S.D.N.Y. Mar. 15, 2013) (citations omitted), *report and*

*recommendation adopted,* No. 12-6323, 2013 WL 2473039 (S.D.N.Y. June 7, 2013); *see also Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011) ("[A]n employee fearful of retaliation or of being 'blackballed' in his or her industry may choose not to assert his or her FLSA rights."). Threats of invasive and expensive discovery from the President of R&R Express would make any employee think twice about joining this action. But that's not all that R&R Express did to discourage joinder in this case.

The company, through its former counsel, also drafted and distributed boilerplate affidavits to the putative class members containing averments that directly contradicted the claims here and disparaged Mr. Rood, personally. ECF 112-2, 111:22-114:2; ECF 112-23, RRE000993-5. R&R Express encouraged these class members to sign the documents under coercive circumstances. For example, the declarations were distributed by the Logistics Coordinators' manager during the workday with encouragement to sign and no warning about the legal implications of doing so. ECF 112-2, 111:22-114:2; ECF 112-15, 39:1-42:21, 45:16-47:1. That some of the class members signed these declarations simply because they were "told to" is evidence of potential coercion. *See, e.g.*, ECF 112-13, 36:24-38:12; ECF 112-15, 71:8-10. R&R Express tries to explain this conduct away by describing it as a "communication lapse" by prior counsel. ECF 116, p. 6. But it is more than that. Applying a commonsense analysis of the evidence, it is not a stretch for the Court to conclude that putative class members could very well "fear retaliation if they choose to" join this action, and that this fear "renders individual joinder less practicable." *Pichardo v. Carmine's Broadway Feast Inc*, No. 15-3312, 2016 WL 4379421, at *5 (S.D.N.Y. June 13, 2016) (citation omitted), *report and recommendation adopted*, 2016 WL 5338551 (S.D.N.Y. Sept. 23, 2016).

R&R Express dodges its efforts to discourage joinder, and instead argues that individual putative class members will be able and motivated to litigate because

"[t]he parties have already created a comprehensive factual record pertaining to work by all of the Logistical Coordinators." ECF 116, p. 8. According to R&R Express, that "record is available for individual plaintiffs to use in joined actions, and such individuals, if they elected to file a claim, would incur no expense or minimal discovery related expenses in such litigation." *Id.* But even putting aside R&R Express's actions to undermine and discourage individual actions, this argument still misses the mark for two reasons.

First, it tries to use the efficiencies already obtained through class-wide discovery against Mr. Rood in seeking final certification. Those efficiencies prove the utility of class treatment.

Second, while the discovery costs for **R&R Express** may be minimal in joined actions (although that is debatable), that is not the case for prospective joined plaintiffs. And given the relatively modest damages potentially at issue for each individual plaintiff, even the most minimal litigation expenses could deter individual litigation. Thus, "[w]hile joinder of these individuals is certainly not impossible, it is nonetheless improbable under the circumstances of this case. The small recoveries that many of the class members could reasonably expect to recover even if they prevailed on the merits makes it unlikely that, absent the benefit of class representation, they would choose to bear the costs of individual lawsuits." *Odom v. Hazen Transp., Inc.*, 275 F.R.D. 400, 407 (W.D.N.Y. 2011) (citation omitted); *see also Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980) ("Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device.").

Finally, while the Court agrees with R&R Express that the remaining factors do not favor finding joinder impracticable, they are not enough to overcome the weight of the two most important factors. That is, the Court agrees that this case

does not present geographically diverse putative class members nor are there any other future claimants to identify. *See* ECF 116, pp. 8-9. Mr. Rood has offered no evidence about the putative class members' financial resources, so the Court cannot determine that factor. But all these factors carry less weight than the efficiency achieved by class treatment, both in terms of the Court's and the parties' expenditure of resources, and the fact that R&R Express has actively discouraged class members from joining this action. As a result, the Court finds that the numerosity requirement has been met.

### B. Rule 23(a)(2)'s "commonality" requirement is satisfied.

The commonality requirement is met when class members "share at least one question of fact or law in common with each other." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 127 (3d Cir. 2018) (citation omitted). The central legal question in this case—whether R&R Express can establish that Mr. Rood and the other Logistics Coordinators were exempt "administrative" employees under the FLSA and PMWA—is shared by all the class members. There is also commonality in the key facts that bear on this shared legal question. As R&R Express's managers have conceded, the duties of the Logistics Coordinator position were defined and uniform across all class member who held that position. ECF 112-15, 30:17-23. The Logistics Coordinators signed the same standard employment agreement, had the same job title, and performed essentially the same job duties. ECF 112-4; ECF 112-5; ECF 112-6. And perhaps most importantly, R&R Express applied uniform compensation policies to its Logistics Coordinators during the class period. Thus, commonality is satisfied.

### C. Rule 23(a)(3)'s "typicality" requirement is satisfied.

To satisfy the typicality requirement, "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). "The concepts of typicality and commonality are closely related and often tend to merge." *Marcus v. BMW of N. Am.*, 687 F.3d 583, 597 (3d Cir. 2012)

(citation omitted). "Typicality, however, derives its independent legal significance from its ability to screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of fact are present." *Id.* at 598 (citation omitted). "To determine whether a plaintiff is markedly different from the class as a whole, [courts] consider the attributes of the plaintiff, the class as a whole, and the similarity between the plaintiff and the class." *Id.* (citation omitted). "If a plaintiff's claim arises from the same event, practice or course of conduct that gives rise to the claims of the class members, factual difference will not render that claim atypical if it is based on the same legal theory as the claims of the class." *Id.* (citation omitted).

Mr. Rood's claims are typical of the class's claims. Mr. Rood's legal theory is shared by all the class members. He worked as a Logistics Coordinator, and in that position, had the same job duties as all the other Logistics Coordinators employed by R&R Express. *See, e.g.*, ECF 17, ¶ 4; ECF 112-15, 30:22-23. The compensation policies that applied to Mr. Rood are the same ones that applied to the other Logistics Coordinators. Mr. Rood alleges that, as a matter of common practice, R&R Express did not pay overtime wages for time worked over 40 hours in a week. ECF 1, ¶¶ 94-96. He does not appear to be subject to a defense broadly inapplicable to other members of the class. Finally, his "interests are sufficiently aligned with that of the class, because [he] and the class seek wage and hour protections" under federal and state law, "and there is no indication that [his] claims are in any way antagonistic to other members of the class." *Carr*, 2019 WL 2027299, at *10.

### D. Rule 23(a)(4)'s "adequacy" requirement is satisfied.

Rule 23(a)(4) requires that proposed class counsel and the proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement has two components: first, the adequacy inquiry tests the qualifications of the counsel to represent the class; and, second, it seeks to uncover

conflicts of interest between named parties and the class they seek to represent." *Carr*, 2019 WL 2027299, at *10 (cleaned up).

Counsel for Mr. Rood have submitted materials detailing their litigation experience, and specifically their work in class and collective actions to recover unpaid wages. ECF 112-26; ECF 112-27. Counsel can adequately prosecute this litigation. Moreover, Mr. Rood and the members of the class "are all pursuing damages under the same statutes and the same theories of liability, and the differences among them will not, at least as things presently stand, pit one group's interests against another." *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 394 (3d Cir. 2010) (citation omitted). "There is thus no fundamental intra-class conflict to prevent class certification, nor is there any derivative conflict of interest that would prevent counsel from fairly and adequately representing the interests of the entire class." *Id.* at 394-95 (cleaned up). The adequacy requirement is satisfied.

### E. Rule 23(b)(3)'s "predominance" requirement is satisfied.

The predominance requirement of Rule 23(b)(3) requires that "the essential elements of the claims brought by a putative class are capable of proof at trial through evidence that is common to the class rather than individual to its members." *Gonzalez v. Corning*, 885 F.3d 186, 195 (3d Cir. 2018) (cleaned up). "If proof of the essential elements of the claim requires individual treatment, then class certification is unsuitable." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 127 (3d Cir. 2018) (cleaned up). "On the other hand, predominance is normally satisfied when plaintiffs have alleged a common course of conduct on the part of the defendant." *Rossini v. PNC Fin. Servs. Grp., Inc.*, No. 18-1370, 2020 WL 3481458, at *10 (W.D. Pa. June 26, 2020) (Ranjan, J.) (cleaned up).

Mr. Rood alleges a common course of conduct by R&R Express—namely, not properly paying Logistics Coordinators for overtime under the company's uniform

compensation policies. The central factual and legal questions driving the resolution of this case are all shared by the class, and include: (i) whether the Logistics Coordinators' job duties satisfy the "primary duties" element of the administrative exemption; (ii) whether, job duties aside, R&R Express's compensation policies satisfy the "salary basis" requirement of the administrative exemption; and (iii) whether R&R Express paid overtime wages to the Logistics Coordinators for time worked in excess of 40 hours in a week. ECF 111, p. 12. "It is thus unlikely that there will be significant differences between individual claimants' cases," and liability will depend on the conduct of R&R Express, and not "the conduct of individual class members." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 528 (3d Cir. 2004) (citation omitted).

### F. Rule 23(b)(3)'s "superiority" requirement is satisfied.

"The superiority requirement asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those alternative available methods of adjudication." *Rossini*, 2020 WL 3481458, at *10 (cleaned up). The Court must consider "the class members' interests in individually controlling litigation, the extent and nature of any litigation, the desirability or undesirability of concentrating the litigation, and the likely difficulties in managing a class action." *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 435 (3d Cir. 2016) (citation omitted).

The superiority requirement is satisfied here. There is no indication that any other class members want to individually control this litigation. Because R&R Express changed its compensation policies in response to this litigation, this case is the only one pending against R&R Express for its "pre-remediation" compensation policies. Thus, a class-wide resolution would provide finality to R&R's liability exposure. Finally, the Court does not foresee any difficulties in managing this class action through its conclusion. Indeed, as Mr. Rood points out, class trials in wage-and-hour actions like this one are common, and the procedures for administering such

trials are well established. *See Verma v. 3001 Castor, Inc.*, 937 F.3d 221 (3d Cir. 2019).

Under these circumstances, a class action is the superior mechanism to protect the class's asserted rights.

## II. The Court grants final certification of the FLSA collective.

Along with seeking to certify a class under Rule 23, Mr. Rood also asks the Court to "finally" certify a collective action under the FLSA. While "some of the factors and evidence necessary to satisfy the prerequisites of Rule 23 and § 216(b) [of the FLSA] may overlap," the two standards aren't coextensive. *Reinig*, 912 F.3d at 132.

The standard for final certification under the FLSA is a finding, by a preponderance of the evidence, that opt-in members of the collective action "are in fact 'similarly situated' to the named plaintiffs." *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 537 (3d Cir. 2012) (citation omitted). "Being similarly situated … means that one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Id.* at 538. "To be found similarly situated, members of the collective need not have an identical experience; complete symmetry of job functions is not required for final certification under the FLSA." *Carr*, 2019 WL 2027299, at *4 (cleaned up). "Once it has been determined that the plaintiffs are similarly situated (a factual question reviewed for clear error), there is no further work to be done," because the FLSA does not "give[] the district court discretion to deny certification after it has determined that plaintiffs are similarly situated." *Zavala*, 691 F.3d at 535. While like the "predominance" requirement of Rule 23(b)(3), the FLSA's "similarly situated" requirement demands a less rigorous showing. *See Carr*, 2019 WL 2027299, at *7 (citation omitted).

Mr. Rood has established that the members of the collective are similarly situated for all the same reasons discussed above in the predominance section.

Moreover, "the Court notes that neither [R&R Express] nor potentially eligible members of the collective object to final certification, which weighs in favor of granting it." *Wood v. Saroj & Manju Investments Phila. LLC*, No. 19-2820, 2021 WL 1945809, at *5 (E.D. Pa. May 14, 2021) (cleaned up). The Court will therefore grant final certification of the FLSA collective.

**AND NOW**, this 16th day of July, 2021:

**IT IS HEREBY ORDERED** that Mr. Rood's Motion for Rule 23 Class Certification and Final Certification under the Fair Labor Standards Act [ECF 110] is **GRANTED**, as follows:

(1) The Court certifies the following class under Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All individuals who at any time during the period between September 19, 2014 (*i.e.*, 3 years before the filing of the original complaint in this action) and December 31, 2017, worked as a Sales Representative (a.k.a. Logistics Coordinator) for Defendant R&R Express, Inc.

(2) The Court appoints Ben Rood to serve as Class Representative.

(3) The Court appoints Joseph H. Chivers of the Employment Rights Group, LLC (100 First Avenue, Suite 650, Pittsburgh, PA 15222), and John R. Linkosky, of John Linkosky & Associates, as Class Counsel for the Rule 23 class.

(4) The Court certifies the following FLSA collective:

> All Logistics Coordinators employed by R&R Express, Inc. from September 19, 2014, through December 31, 2017.

(5) The parties shall meet and confer about the form and content of the class notice. If they reach an agreement, they must file a joint motion for approval of their proposed class notice by no later than July 30, 2021. If the parties cannot reach an agreement, they must file a joint status

report by July 30, 2021, outlining the parties' respective positions and highlighting any disagreements.

**IT IS FURTHER ORDERED** that Mr. Rood's Motion to Strike Brief in Opposition (ECF 117) is **DENIED**, as moot.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge