DocuSign Envelope ID: CB54Z1D7-C65A-4EB6-0305-52BD43A75C34

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------- x
                                                     :
BEN ROOD, on behalf of himself and all others        :
similarly situated,                                  :
                                                     :
                Plaintiff,                           : Civil Action No. 2:17-1223 NR
                                                     :
        v.                                           :
                                                     : Electronically Filed
R&R EXPRESS, INC.,                                   :
                                                     :
                Defendant.                           :
                                                     :
                                                     :
                                                     :
                                                     :
---------------------------------------------------- x

**Declaration of Joseph H. Chivers in Support of
Plaintiff's Unopposed Motion for Preliminary
Approval of Class Action Settlement**

I, Joseph H. Chivers, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am licensed in good standing to practice in all of the federal and state courts in the Commonwealth of Pennsylvania as well as the U.S. Court of Appeals for the Third Circuit, the District of Columbia Court of Appeals and the Supreme Court of the United States. I have never been sanctioned, disciplined, or otherwise admonished by any bar organization. I have never been denied *pro hac vice* admission in any court, nor has any court revoked my *pro hac vice* admission. No court has ever refused to certify a class action based on my inadequacy as class counsel.

2.  For nearly thirty years, I have maintained a law practice called The Employment Rights Group, currently located at 100 First Avenue, Suite 650, Pittsburgh, PA 15222. Throughout that time, I have focused on representing individuals (or groups of individuals) in litigation related to their employment. I have represented employees in hundreds of lawsuits in federal district court, including more than one hundred wage-and-hour cases.

3.  The majority of my practice over the past 15 years is devoted to wage-and-hour litigation. I have litigated against companies in almost every industry, and I have litigated against

many of the preeminent defense firms in the area of employment litigation. Some examples of my successful wage and hour lawsuits in which I was class or collective counsel for Plaintiffs include: *Dunkel v. Warrior Energy Services Corp.*, Case No. 2:13-cv-695-MRH (W.D. Pa.); *Clark v. Warrior Energy Services Corp.,* Case No. 3:16-cv-00052-KRG (W.D. Pa.); *Black v. Wise Intervention Services, Inc.*, Case No. 2:15-cv-453-MPK (W.D. Pa.); *Imhoff v. Weatherford International, LLC, et al.*, Case No. 2:15-cv-679-AJS (W.D. Pa.); *Ringler v. Norwin Technologies,* Case No. 2:17-423-AJS (W.D. Pa.); *Haught v. Summit Resources, LLC*, Case No. 1:15-cv-069-JEJ (M.D. Pa.); *Naicker v. Warrior Energy Services, Inc.*, Case No. 2:14-cv-1140-MRH (W.D. Pa.); *Tvrdovsky v. Renegade Wireline Services (RWLS)*, Case No. 2:13-cv-1463-JFC (W.D. Pa.); *Dull v. Integrated Production Services, Inc.*, Case No. 2:14-cv-1437-NBF (W.D. Pa.); *Bastin v. Integrated Production Services, Inc.*, Case No. 2:15-882-NBF (W.D. Pa.); *Sweeney v. Altoona Regional Health System*, Case No. 2012-GN-2364 (Ct. of Com. Pl. of Blair Cnty.); *Foster v. Kraft Foods Global, Inc.*, Case No. 2:09-cv-453-CB (W.D. Pa.); *Pennybaker v. Nat'l Health Mgmt., Inc.*, Case No. 2:13-cv-1428-LPL (W.D. Pa.); *McEliece v. Pepsi Beverages Co.*, Case No. 2:12-cv-460-CRE (W.D. Pa.); *Smith v. Bank of N.Y. Mellon Corp.*, Case No. 2:10-cv-678-NBF (W.D. Pa.); *Granatire v. Am. Expediting Co.*, Case No. 2:10-cv-564-WLS (W.D. Pa.); *Stanislaw v. Erie Indem. Co.*, Case No. 1:07-cv-1078-SJM (W.D. Pa.); and, *Cerini v. Monro, Inc.,* Case No. 2:20-cv-867-RJC (W.D.Pa.).

4. Over the past fifteen years, I have presented at numerous Pennsylvania Bar Institute CLE seminars on the topics of class and collective actions, wage-and-hour litigation, and violations of the Pennsylvania Minimum Wage Act, Fair Labor Standards Act, and Pennsylvania Wage Payment and Collection Law.

5. I have overseen this litigation against Defendant R&R Express, Inc. ("R&R Express") since its inception. I filed the complaint on September 18, 2017, as a class- and collective-action lawsuit on behalf of Plaintiff Ben Rood and all similarly situated employees. On March 18, 2019, Plaintiff filed his Motion to Conditionally Certify an FLSA Collective and to Facilitate Notice under 29 U.S.C. §216(b) (ECF No. 55) to similarly situated Logistics Coordinators. On October 23, 2019, this Court granted conditional certification of this collective action for Logistics Coordinators employed by Defendant over the past three years. (ECF No. 68.) Plaintiff sent out Notice to the 39 identified similarly situated Logistics Coordinators and received

DocuSign Envelope ID: CB54Z1D7-C65A-4EB6-0305-52BD43A75C34

two returned Opt-In Consent Forms (Jonathan Zehe and David Miller) by the deadline of January 2, 2020. This means there are three FLSA opt-in Plaintiffs (including Rood).

6. The efforts required to arrive at an Agreement have been exhaustive: 11 depositions of Class Members; depositions of Defendant's owner and Named Plaintiff; review and analysis of produced documents and data files (including the production of in excess one million lines of data); review and analysis of work records for the Class Members; extensive briefing before this Court over the span of some four years of concerted litigation; and, two formal mediations under the auspices of this Court.

7. On January 21, 2020, the Parties participated in a mediation before Louis Kushner, Esquire. The parties were unable to reach an agreement at that time. Thereafter, Plaintiff filed a Motion for Rule 23 Certification and Defendant filed a Motion to Decertify the 216(b) Collective and a Motion in Opposition to the Motion for Rule 23 Certification, and after the Parties cross-moved for summary judgment on liability the Court ruled, on April 11, 2022, that a Rule 23 Class of 19 Logistics Coordinators was certified for trial, that the FLSA collective would not be decertified, and entered judgment in favor of Plaintiffs and the class on their entitlement to overtime as non-exempt employees. ECF NO. 151; ECF No. 152. The Court further issued a Pretrial Order setting dates for appropriate pretrial filings and motions and scheduling a trial on damages to begin August 1, 2022 (ECF No. 153). Since issuance of these orders the Parties have renewed settlement discussions culminating in the execution of the Settlement Agreement.

8. At all times Class Counsel maintained an arm's length posture vis-à-vis Defendant and defense counsel to negotiate a fair, adequate, and reasonable deal for the class.

9. Named Plaintiff and Defendant finalized a settlement in this action on June 21, 2022.

10. Before Plaintiff agreed to settle this lawsuit according to the terms of the Settlement Agreement, Plaintiff's counsel made a thorough and independent investigation of the facts and law related to the allegations in the complaint. We considered (a) the extensive facts developed during discovery and the law applicable thereto; (b) the analysis developed during the Parties' mediation and subsequent negotiations, and the law applicable thereto, both before, during and since the formal mediations; (c) the attendant risks of continued litigation and the uncertainty of the outcome

of the claims alleged against Defendant; and (d) the desirability of consummating this Settlement according to the terms of the Settlement Agreement.

11. I am firmly convinced that the Settlement Agreement offers a fair, reasonable, and adequate resolution of this litigation. The Settlement offers significant advantages over the continued prosecution of this case: Named Plaintiff, the Opt-In Plaintiffs and the PMWA Settlement Class Members will receive significant financial compensation and will avoid the risks inherent in the continued prosecution of this case. The parties have spent considerable time over the past three months negotiating and drafting the Settlement Agreement, which ensures that all members of the Settlement Class are provided with notice of the Settlement Agreement and its terms.

12. The Gross Settlement Amount is based on an analysis of the workweeks that each Settlement Class Member worked for R&R Express during the relevant time period, as determined by R&R Express's personnel and payroll records, the relative overtime damages formulas as between the FLSA and the PMWA, the contributions and efforts made by the Named Plaintiff and Opt-In Plaintiffs to the resolution of the matter for the FLSA collective and the PMWA class, the relative value of the General Releases to the Named Plaintiff and Opt-in Plaintiffs, the results of the extensive discovery done in this matter with respect to both the Named Plaintiff/Opt-In Plaintiffs and the PMWA class, and the greater uncertainty in recovery for the PMWA class members as contrasted with the opt-in Plaintiffs.

13. The proposed distribution of settlement funds is also fair and reasonable. There will be a *pro rata* distribution of the settlement funds. The PMWA Settlement Allocation shall be allocated among the individual PMWA Settlement Class Members as set forth in Schedule A of the Settlement Agreement which, the Class Representative and Class Counsel represent, reflects a fair, adequate, and reasonable pro-rata allocation based on weeks worked and hours worked by the PMWA Settlement Class Members, as determined based upon a careful review and assessment of the evidence obtained in discovery conducted in this Civil Action, including Defendants' time and pay records and of the damages formula for the overtime wages under the PMWA.

14. Named Plaintiff and the Opt-In Plaintiffs have been active and enthusiastic participants in this litigation from the beginning. They have contributed to the fact investigation conducted by their attorneys, providing extensive information about the job duties performed by

Defendant's Logistics Coordinators and supplying their counsel with the names of dozens of potential witnesses. Named Plaintiff and the Opt-In Plaintiffs have always made themselves available to assist with the lawsuit. Named Plaintiff Ben Rood answered extensive written interrogatories and requests. The Service Awards provide fair compensation for their efforts on behalf of the class, especially in light of the significant risk of retaliation. In my view, the service awards for Mr. Rood, Mr. Zehe and Mr. Miller are well deserved, especially considering that Mr. Rood and the Opt-In Plaintiffs have agreed to a general release of their claims against R&R Express.

15. Based on my experience litigating this lawsuit and many similar cases, I am confident the class settlement negotiated by the Parties is in the best interests of all members of the class, and I believe the Court should approve the parties' agreement.

16. As of the date of this filing, Class Counsel and staff have worked more than 400 hours on this case, with a combined blended lodestar that exceeds $209,750.00. For each timekeeper, the lodestar is based on rates this Court has previously approved for the respective timekeeper. In addition, Class Counsel has incurred $10,830.00 in expenses to date.

17. The Class Representatives do not have any interests that are antagonistic to the class.

18. There are no other agreements made in connection with the Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(3).

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/6/2022

*Joseph H. Chivers*
Joseph H. Chivers, Esq.