**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------- x
                                        :

**BEN ROOD, on behalf of himself and all** :
**others similarly situated,** :
                                        :

                      *Plaintiff,* : Civil Action No. 2:17-1223 NR
                                        :

                      **v.** : Electronically Filed

**R&R EXPRESS, INC.,** :
                                        :

                  *Defendant.* :
                                        :

                                        :

                                        :

--------------------------------------------------- x

**PROPOSED ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

Before the Court is the Named Plaintiff's Unopposed Motion for Preliminary

Approval of Class Action Settlement ("Motion") and the pertinent materials filed with

that motion. For good cause shown, and as more fully explained below, the Motion is

GRANTED. The Court ORDERS as follows:

       1.      **Certification of the Rule 23 Class.** This Court has already found that

that the proposed Class meets the requirements of Rule 23(a) and Rule 23(b)(3) of the

Federal Rules of Civil Procedure.  *See* ECF Nos. 126, 151.  For settlement purposes,

the class consists of the individuals in the class previously certified by the Court who

have not excluded themselves from the class (the "PMWA Settlement Class

Members").  Not later than five (5) days after the date of this Order, Defendant will

provide Class Counsel with an electronic database containing the last known

addresses, last known telephone numbers, and last known email addresses of each PMWA Class Member.

2.      **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed to trial as previously scheduled by this Court (or at an alternate date ordered by this Court) if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3.      **Class Representative.** The Court grants approval to the Named Plaintiff Ben Rood to serve as Class Representative with respect to the settlement.

4.      **Class Counsel.** The Court previously appointed as Class Counsel in this matter Joseph H. Chivers of the law firm The Employment Rights Group, LLC (100 First Avenue, Suite 650, Pittsburgh, PA 15222), and Jeffrey W. Chivers and Theodore I. Rostow of Chivers LLP (300 Cadman Plaza West, 12th Floor, Brooklyn, New York, 11201). This appointment applies also for purposes of settlement of this matter.

5.      **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Final Approval Hearing, as provided in Paragraph 7 below. It is found that the Notice of the proposed Settlement should be given as provided in the Agreement and set forth in Paragraph 8 below.

6.      **Claims Administrator.** Class Counsel is approved as the Settlement

Administrator of the settlement as set forth in the Agreement.

7.      **Fairness Hearing**. Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on **September 8, 2022, at 10:00 a.m.** to consider final approval of the Agreement.   The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Rule 23 Class Members other than that which may be posted by the Court.

8.      **Notice to the Class.** The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") attached as Exhibit B to the Settlement Agreement is approved. The Court orders that the Settlement Administrator (Class Counsel) send the Notice as set forth in the Agreement to the members of the Class.

9.      **Exclusion from the Settlement**. Any member of the Class who does not wish to not participate in the settlement may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator (Class Counsel). To be effective, such request for exclusion must include the individual's name, that individual's signature and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by the Settlement Administrator (Class Counsel) within thirty (30) days following the date of the initial mailing of the Rule 23 Notice Packet.  Class counsel will file any exclusion statements with the Court at least seven (7) days before the Final Fairness Hearing.

10.     **Objections.** Any Rule 23 Class Members who does not exclude him or herself and wishes to present objections to the proposed settlement at the Fairness

Hearing must do so first in writing. To be considered, such statements must be sent to the Settlement Administrator (Class Counsel) via U.S. First Class Mail, must specify the reasons for the objection (a simple "objection" without specifying the reasons will not be acceptable), be personally signed by the individual and be received by the Settlement Administrator (Class Counsel) by a date certain, to be specified on the Notice, which shall be for each Rule 23 Class Member thirty (30) days after the initial mailing of the Settlement Administrator (Class Counsel) of the Notice. The Settlement Administrator (Class Counsel) shall send copies of each objection to Defense Counsel not later than three (3) business days after receipt thereof. Class Counsel shall file the date-stamped originals of any and all objections with the Court within three (3) business days after receipt.  An objector who timely submits a written objection must appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Rule 23 Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided herein. Any Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

11.    **Deadline for Motion for Attorneys' Fees and Costs.**  At least fourteen (14) days before the deadline to object to or to be excluded from the

Settlement, Class Counsel shall file their motion for attorneys' fees and costs.

12.     **Effect of the Agreement.** All members of the PMWA Settlement Class who have not timely and properly excluded themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval.

13.     **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support any contested damages issues in this matter at trial or otherwise.

14.     **Stay.** Upon Preliminary Approval of the settlement all proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement or as the Court otherwise determines are necessary, are stayed and suspended until further order of the Court.

15.     **Use of Agreement and Ancillary Terms.** Neither the Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.


        **IT IS SO ORDERED.**


DATED: July 7, 2022                    */s/ J. Nicholas Ranjan*
                                       United States District Judge