IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEN ROOD, | ) |
|     Plaintiff, | ) )  2:17-cv-1223-NR |
|         v. | ) ) |
| R&R EXPRESS, INC., | ) ) |
|     Defendant. | ) ) |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**AND NOW**, this **8th day of September, 2022**, upon consideration of the Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF 162), Plaintiff's Unopposed Motion for Attorney Fees and Expenses (ECF 164), and Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement Agreement (ECF 169), and after conducting a final fairness hearing (ECF 172), the Court hereby **ORDERS AND FINDS AS FOLLOWS**:

1. In this case, Plaintiff Ben Rood, on behalf of himself and those similarly situated, alleged that Defendant R&R Express, Inc. failed to pay overtime wages to him and other similarly situated employees in violation of the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act.

2. The Court already found that the proposed class meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the proposed collective meets the requirements under 29 U.S.C. § 216(b). ECF 162.

3. Therefore, the Court certifies for settlement purposes the class consisting of the individuals in the class previously certified by the Court who have not excluded themselves from the class (the "PMWA Settlement Class Members"). *See* ECF 126; ECF 151. The Court also certifies for settlement purposes the FLSA collective (the "FLSA Collective") consisting of Mr. Rood, Jonathan Zehe, and David Miller.

4. The Court appoints Mr. Rood to serve as Class Representative with respect to the settlement.

5. The Court appoints as Class Counsel Joseph H. Chivers of the law firm The Employment Rights Group, LLC (100 First Avenue, Suite 650, Pittsburgh, PA 15222), and Jeffrey W. Chivers and Theodore I. Rostow of Chivers LLP (300 Cadman Plaza West, 12th Floor, Brooklyn, New York, 11201).

6. On September 8, 2022, the Court held a fully noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate; (2) whether the parties' Settlement Agreement should be given final approval; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel and whether and in what amount to grant service awards to Messrs. Rood, Zehe, and Miller.  ECF 172.

7. No PMWA Settlement Class Members filed objections to any aspect of the Settlement Agreement, either with Class Counsel or with the Court; nor did any PMWA Settlement Class Members appear at the final approval hearing despite the hearing being fully noticed.

8. The Court finds that the notice of settlement sent to the PMWA Settlement Class Members and the FLSA Collective adequately informed them of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the final approval hearing.

9. The notice of settlement also adequately informed the PMWA Settlement Class Members and the FLSA Collective of Class Counsel's contact information.

10. The notice, given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and constituted due, adequate, and

sufficient notice to all persons entitled to be provided with notice. It also satisfied the requirements of Federal Rule of Civil procedure 23(e)(1)(B), the United States Constitution, the rules of this Court, and any other applicable law.

11. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court is fair, reasonable, and adequate, and is therefore granted final approval for the reasons stated in Mr. Rood's Unopposed Motion for Final Approval of Class Action Settlement.

12. The Settlement Agreement is also fair, reasonable, and adequate under the factors set forth by the Third Circuit Court of Appeals in *Girsh v. Jepsen*, 521 F.2d 153, 157 (3d Cir. 1975), each of which supports this conclusion.

13. That is, the Court finds that: (1) the strength of the claims in this case weighed against R&R Express's defenses and the complexity, length, and expense of further litigation, support the approval of the settlement; (2) the gross settlement amount of $350,000, as set forth in the Settlement Agreement, is a fair, reasonable, and adequate settlement of the claims in this case; (3) the settlement was reached in good faith and pursuant to an arm's-length negotiation between the parties; (4) the settlement is supported by Class Counsel and counsel for R&R Express, who were fully informed of the facts and circumstances of this litigation, of the strengths and weaknesses of their respective positions, and have significant experience representing parties in complex class actions, including those involving wage-and-hour claims; (5) there were no objections to the settlement; (6) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, specifically, the case settled after the close of discovery, after the Court certified the class and collective, and after the Court resolved cross-motions for summary judgment; and (7) the net settlement amount (the sum of individual settlement awards) is $150,000,

which represents approximately 99% of the estimated unpaid minimum wages at issue.

14. The settlement resolves a bona fide dispute over FLSA provisions, is fair and reasonable to all the members of the collective, and does not frustrate implementation of the FLSA in the workplace.

15. Consistent with this order, the Court directs that the settlement funds be distributed in accordance with the terms of the Settlement Agreement.

16. Pursuant to Rule 23 and the terms of the Settlement Agreement, the Court hereby awards Class Counsel the amount of $180,000 as attorneys' fees and reimbursement of advanced litigation costs, which shall be paid according to the procedures set forth in the Settlement Agreement.

17. For the reasons stated in Plaintiff's Unopposed Motion for an Award of Attorneys' Fees and Expenses, the Court finds that the award of fees and costs set forth above is reasonable under the Third Circuit's factors in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and *In re Prudential Ins Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 336-40 (3d Cir. 1998).

18. Specifically, (1) Class Counsel achieved a favorable result for the PMWA Settlement Class Members; (2) no PMWA Settlement Class Members objected to Class Counsel's fee request; (3) Class Counsel is skilled and efficient in prosecuting wage-and-hour cases; (4) the case was complex and settled only after the close of discovery, class certification, and the resolution of cross-motions for summary judgment; (5) Class Counsel took the case on a contingent fee basis and expended 552.25 hours in prosecution of the case, with no guarantee of compensation; (6) Class Counsel was not assisted by any third party in the investigation and litigation of this case; and (7) the litigation expenses incurred were reasonable and necessary.

19. The Court approves the following service awards for Messrs. Rood, Zehe, and Miller, payable pursuant to the terms of the Settlement Agreement:

| Name | Amount |
|---|---|
| Ben Rood | $15,000 |
| Jonathan Zehe | $2,500 |
| David Miller | $2,500 |

The amount awarded to Mr. Rood is more than justified given his active participation in the investigation, prosecution, and settlement of this case, over a five-year period. Mr. Rood's representation of the class in litigation against a former employer also created real and substantial risk to his reputation in the logistics coordinator community.

The lesser amounts awarded to Messrs. Zehe and Miller are also fair and reasonable, but only because of the extraordinary circumstances presented by this case, as discussed on the record at the fairness hearing.

20. The Court bars all PMWA Settlement Class Members who did not submit timely exclusions from prosecuting any of the Release Claims, as defined by the Settlement Agreement.

21. The Court bars all participating class members from prosecuting any of the Released Claims.

22. The Court finds that the release of the FLSA claims in this case is appropriate because the settlement represents a fair and reasonable resolution of a bona fide dispute and for the other reasons set forth herein. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

23. This Court retains jurisdiction over this action for the purpose of overseeing settlement administration and compliance with the terms of the settlement agreement.

\* \* \*

For these reasons, Plaintiff's Unopposed Motion for Attorney Fees and Expenses (ECF 164) and Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement Agreement (ECF 169) are **GRANTED.**

This action is hereby **DISMISSED WITH PREJUDICE** without fees or costs to any party except as provided in the Settlement Agreement.

The Clerk of Court is directed to mark this case **CLOSED**.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge